The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: September 23 2022

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 21-31521 |
| | ) | |
| Brian David Snyder, and | ) | Chapter 7 |
| Amy Kathryn Snyder, | ) | |
| | ) | Judge John P. Gustafson |
| Debtors. | ) | |

### MEMORANDUM OF DECISION AND ORDER RE: CREDITOR'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTION AND DEBTORS' MOTIONS TO AVOID THE JUDGMENT LIEN

This cause comes before the court on Creditor Hancock Federal Credit Union's ("Creditor") Objection to Debtors Brian David Snyder and Amy Kathryn Snyder's Claim of Exemption ("Objection") filed on September 23, 2021. [Doc. #12]. On October 5, 2021, Debtors Brian David Snyder and Amy Kathryn Snyder ("Debtors") filed a Response to Creditor's Objection ("Response"). [Doc. #16].

On October 26, 2021, Debtors filed Motions to Avoid the Judgment Lien held by Creditor. [Doc. ##18, 19]. On November 15, 2021, Creditor filed a Memorandum in Opposition to

Debtors' Motion to Avoid Judicial Lien based on Creditor's Objection. [Doc. #24]. On March 11, 2022, Debtors filed a Brief in Opposition to Creditor's Objection and Memorandum in Opposition to Debtors' Motion to Avoid Lien. [Doc. #51].

## FACTS

The parties filed a joint Stipulation of Facts as they relate to the Debtors' Motions to Avoid the Judgment Lien and the Creditor's Objection to Debtors' Claim of Exemptions. [Doc. #52]. Therefore, the relevant facts are not in dispute.

The Stipulation states, in pertinent part, as follows:

(1)  On August 24, 2021, Debtors filed their joint Chapter 7 Bankruptcy.

(2)  On Schedule A/B: Property of their Bankruptcy Schedules, Debtors listed three separate parcels of real estate jointly[1] owned by Debtors:
  a. 504 W. Hardin Street, Findlay, Ohio 45840 ("Hardin Property");
  b. 1228 Bolton, Findlay, Ohio 45840 ("Bolton Property"); and
  c. 307 Second Street, Findlay, Ohio 45840.

(3)  Debtors jointly own the three parcels of real estate.

(4)  Debtor Brian David Snyder resides in the Hardin Property.

(5)  Debtor Amy Kathryn Snyder resides in the Bolton Property.

(6)  Debtors or dependent of the Debtors do not occupy the parcel of real estate located at 307 Second Street, Findlay, Ohio 45840.

(7)  Creditor has filed a Certificate of Judgment in the Hancock County Court of Common Pleas. The Certificate of Judgment was filed as Case No. 2019-CJ-00288 in the original amount of $182,922.88. This Certificate of Judgment claim has been paid down to approximately $109,588.56. This Certificate of Judgment encumbers the three parcels of real estate owned by Debtors.

(8)  The Hardin Property and the Bolton Property are only encumbered by the Certificate of Judgment held by Creditor.

. . . .

(10) Debtor Brian David Snyder claimed an exemption under Ohio Revised Code §2329.66(A)(1) in the Hardin Property.

---

[1] Based on the Stipulation, the court will take "jointly" to mean the joint interest created is a survivorship tenancy under Ohio Revised Code §5302.20. Copies of the deeds conveying the interest in real property were not provided to the court.

(11) Debtor Amy Kathryn Snyder claimed an exemption under Ohio Revised Code §2329.66(A)(1) in the Bolton Property.

(12) On September 23, 2021, Creditor filed an Objection to Debtors' claims of exemption under Ohio Revised Code §2329.66(A)(1) in the Hardin Property and Bolton Property.

(13) On October 5, 2021, the Debtors filed a Response to the Objection filed by Creditor.

(14) On October 26, 2021, the Debtor Brian D. Snyder filed a Motion to Avoid the Judgment Lien held by Creditor on the Hardin Property.

(15) On October 26, 2021, the Debtor Amy K. Snyder filed a Motion to Avoid the Judgment Lien held by Creditor on the Bolton Property.

(16) On November 15, 2021, Creditor filed its memorandum in opposition to the Debtors' Motions for Lien Avoidance.

[Doc. #52, pp. 1-3, ¶¶1-8, 10-16].

On January 13, 2022, this court issued a discharge order generally extinguishing the Debtors from any personal liability on their discharged debts. [Doc. #44].

## LAW AND ANALYSIS

### I. The Claims of Exemption.

The filing of a petition for relief under the Bankruptcy Code creates a bankruptcy estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" wherever located and by whomever held. 11 U.S.C. §541(a)(1). The Bankruptcy Code authorizes a debtor to "exempt" certain property from the estate. 11 U.S.C. §522(b); *Law v. Siegel*, 571 U.S. 415, 417 (2014); *Holland v. Star Bank, N.A.* (*In re Holland*), 151 F.3d 547, 548 (6th Cir. 1998). "Pursuant to §522(b)(2), a debtor may claim federal exemptions set forth in §522(d) so long as the applicable state has not 'opted-out' and enacted its own exemptions." *In re Nadeau*, 2022 WL 456708 at *2, 2022 Bankr. LEXIS 363 at *5 (Bankr. N.D. Ohio Feb. 14, 2022). "Ohio has opted-out of the federal exemptions." *Id.* Accordingly, Debtors, as residents of Ohio, may, for the most part, claim only the exemptions available under Ohio law.

Exemption claims are afforded a *prima facie* presumption that they are valid. *In re Aubiel*,

3

534 B.R. 300, 304 (B.A.P. 6th Cir. 2015). A party in interest may object to a claimed exemption. Fed. R. Bank. P. 4003(b). The party objecting to a debtor's claimed exemption has the burden of rebutting the presumption by a preponderance of the evidence. Fed. R. Bankr. P. 4003(c); *In re Wengerd*, 453 B.R. 243, 246 (B.A.P. 6th Cir. 2011); *Hamo v. Wilson* (*In re Hamo*), 233 B.R. 718, 723 (B.A.P. 6th Cir. 1999); *In re Nadeau*, 2022 WL 456708 at *2, 2022 Bankr. LEXIS 363 at *6.

Given their remedial nature, Ohio courts follow the general rule that exemption statutes are to be construed liberally in favor of the debtor and any doubt in interpretation should be in favor of granting the exemption. *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147-148 (B.A.P. 6th Cir. 2013)(citing *Daugherty v. Cent. Tr. Co. of Ne. Ohio*, 28 Ohio St.3d 441, 447, 504 N.E.2d 1100, 1105 (1986))(other citations omitted); *In re Nadeau*, 2022 WL 456708 at *2, 2022 Bankr. LEXIS 363 at *6; *In re Pugh*, 2015 WL 5145030 at *2, 2015 Bankr. LEXIS 2911 at *4 (Bankr. N.D. Ohio Aug. 31, 2015); *Sears v. Hanks*, 14 Ohio St. 298, 301 (1863)("The [homestead] act should receive as liberal a construction, as can fairly be given to it."); *accord In re Wengerd*, 453 B.R. at 246-47 (holding Ohio courts construe exemption statutes liberally in favor of debtors to effectuate the goals of providing honest debtors a fresh start and basic necessities); *In re Kudela*, 427 B.R. 643, 645 (Bankr. N.D. Ohio 2010)(holding exemptions are to be liberally construed in favor of a debtor based on their remedial function aimed at providing the debtor with necessary property, rehabilitation, and protection from the adverse effects of impoverishment).

A "liberal construction" does not mean "words and phrases shall be given an unnatural meaning, or that the meaning shall be enlarged or expanded to meet a particular state of facts." *In re Breece*, 2013 WL 197399 at *7, 2013 Bankr. LEXIS 203 at *21 (B.A.P. 6th Cir. Jan. 18, 2013)(quoting *Dennis v. Smith*, 125 Ohio St. 120, 124, 180 N.E. 638, 640 (1932)).

Exemptions exist as creatures of statute, being in derogation of the common-law rule that

4

property of the debtor is subject to execution for the payment of legal obligations. *In re Kudela*, 427 B.R. at 646. Thus, a claim of exemption must be based on a statutory provision for such exemption. *See, Ohio Bell Tel. Co. v. Antonelli*, 29 Ohio St.3d 9, 11, 504 N.E.2d 717, 718 (1987)("The legislature has the exclusive authority to declare what property shall be exempt from the purview of collection laws.").

In this case, the Creditor objects to the "homestead" exemption in the Hardin Property and Bolton Property that Debtors claimed under Ohio Revised Code §2329.66(A)(1)(b). Under this statutory provision, a person may exempt "the person's interest, not to exceed [$145,425.00[2]], in one parcel or item of real or personal property that the person or dependent of the person[3] uses as a residence." Ohio Rev. Code §2329.66(A)(1)(b). Accordingly, to be entitled to Ohio's homestead exemption, a debtor must: (1) have an interest in the property; and (2) use the property as a residence. *In re Salyer*, 2021 WL 2446772 at *2, 2021 Bankr. LEXIS 1606 at *4 (Bankr. N.D. Ohio June 15, 2021)(citing *In re McCormick*, 2015 WL 4638493 at *3, 2015 Bankr. LEXIS 2585

---

2/   Ohio law allows for routine adjustment of the exemption amount:

> (B) On April 1, 2010, and on the first day of April in each third calendar year after 2010, the Ohio judicial conference shall adjust each dollar amount set forth in this section to reflect the change in the consumer price index for all urban consumers, as published by the United States department of labor, or, if that index is no longer published, a generally available comparable index, for the three-year period ending on the thirty-first day of December of the preceding year.
>
> The Ohio judicial conference shall prepare a memorandum specifying the adjusted dollar amounts. The judicial conference shall transmit the memorandum to the director of the legislative service commission, and the director shall publish the memorandum in the register of Ohio. (Publication of the memorandum in the register of Ohio shall continue until the next memorandum specifying an adjustment is so published.)

Ohio Rev. Code § 2329.66(B). Although the adjusted amounts do not appear in the statutory text, they may be found in the memorandum published in the register of Ohio. Public Notices, *Ohio Judicial Conference RC 2329.66 Memorandum*, https://www.registerofohio.state.oh.us/ (last visited Sept. 21, 2022). The homestead exemption amount at the time of Debtors' filing was $145,425.00.

3/   The parties did not include any information about dependents, or where they reside, in the Stipulation. Schedule J lists two children under twelve years old as dependents. [Doc. #1, p. 44]. The Debtors' Brief in Opposition to Creditor's Objection and Memorandum in Opposition to Debtors' Motion to Avoid Lien [Doc. #51], as well as Debtors' Response [Doc. #16], has some discussion regarding dependents.

5

at *7 (Bankr. N.D. Ohio Aug. 4, 2015)).

Turning to the first element, Debtors must "have an interest in the property" to be entitled to Ohio's homestead exemption.

Debtors appear to argue that this court should interpret the term "interest" in a result-oriented manner that would avoid the judgment lien in its entirety. For instance, Debtors argue the following:

> The debtors in this case contend that the interpretation of the term "interest", as contained in the Homestead Exemption should not be read narrowly or viewed as a limited interest. Rather, the debtors believe their interest in each of their parcels of residential real estate should be viewed more broadly, and that exemption be applied in a more favorable manner. As reflected by [*In re Wood*, 459 B.R. 263 (Bankr. S.D. Ohio 2011)].
>
> The debtors argue that each of their parcels of residential real estate have a value of less than the $145,425.00 exemption amount contained in [Ohio Revised Code §2329.66(A)(1)(b)]. The Judgment Lien of Hancock Federal Credit Union impairs their respective Homestead Exemption and that lien should be subject to avoidance, in its entirety, on both parcels of real estate, in which the debtors' reside.

[Doc. #51, p. 4].

To the extent Debtors argue that the word "interest" should be read expansively because such an interpretation would allow avoidance of the lien in its entirety, that argument must be rejected. The malleability of the word "interest" must yield to the statutory language that provides the exemption. The statutory provision that concerns us here requires that a person or a dependent use the property as a residence and then further limits the exemption to that person's interest in one parcel of property.

Under Ohio law, each joint tenant with a right of survivorship generally holds an equal share of the title. *See*, *In re Lavine*, 2012 WL 4106749 at *2, 2012 Bankr. LEXIS 4333 at *4-6 (Bankr. N.D. Ohio Sept. 18, 2012). *Lavine* analyzed the characteristics of a debtor's survivorship tenancy set forth in Ohio Revised Code §5302.20(C). *Id.* The *Lavine* court noted that a debtor

6

and his spouse, as survivorship tenants, had an equal right to share in the use, occupancy, and profits. *Id.* Moreover, each survivorship tenant is subject to a proportionate share of the costs related to the ownership and use of the property. *Id.* *Lavine* also recognized that in a creditor's action to enforce a lien against a debtor's interest in property held in a survivorship tenancy, a court may order the entire property sold and then have the proceeds divided to account for the tenants' fractional interests. *Id.* *Lavine* held that the characteristics of the survivorship tenancy in Ohio Revised Code §5302.20(C) means that the debtor owned "an undivided one-half interest in the entire property." *Id.*

Subsequently, in *In re Kindall*, the Bankruptcy Court for the Southern District of Ohio was faced with the same issue: determining the debtor's interest in property jointly owned in a survivorship tenancy. 508 B.R. 43, 45-46 (Bankr. S.D. Ohio 2014). *Kindall* found "the reasoning in *Lavine* persuasive" and held the debtor and debtor's spouse each owned an "undivided one-half interest" in the property. *Id.* at 46. This court also finds the reasoning in *Lavine* persuasive and agrees with the conclusion in *Lavine* and *Kindall*.

In the instant case, the parties stipulated that the Debtors jointly own the Hardin Property and Bolton Property. Accordingly, under Ohio law the Debtors each own a present undivided one-half interest. Thus, each Debtor's exemption is limited to their one-half interest in the Hardin Property and the Bolton Property, respectively. *In re Salyer*, 2021 WL 2446772 at *2, 2021 Bankr. LEXIS 1606 at *4.

Turning to the second element, Debtors must "use the property as a residence" to be entitled to Ohio's homestead exemption. The parties stipulated that the Debtors jointly own the Hardin Property and the Bolton Property. Although jointly owned, the parties also stipulated that the Debtors each reside in only one of the two properties. Debtor Brian David Snyder uses the Hardin

7

Property as a residence and Debtor Amy Kathryn Snyder uses the Bolton Property as a residence. Therefore, the court finds that the Debtors "use the property as a residence" and are entitled to Ohio's homestead exemption. *Id.*

Looking at the Homestead exemptions claimed on the two properties, Debtor Brian David Snyder resides in the Hardin Property. Debtor Amy Kathryn Snyder does not reside in the Hardin Property and therefore cannot claim an exemption in the Hardin Property. Even if the Debtors' dependents resided in the Hardin Property,[4] this Debtor would only be able to exempt his interest in "one parcel" of property.[5] The value of the Hardin Property is $45,420.00. [Doc. #51, Ex. A, p. 8]. Therefore, Debtor Brian David Snyder is entitled to an Ohio homestead exemption in the amount of $22,710.00 in the Hardin Property.

Debtor Amy Kathryn Snyder resides in the Bolton Property. Debtor Brian David Snyder does not reside in the Bolton Property and therefore cannot claim an exemption in the Bolton Property. Even if the Debtors' dependents resided in the Bolton Property, this Debtor would only be able to exempt her interest in "one parcel" of property. The value of the Bolton Property is $136,120.00. [Doc. #51, Ex. B, p. 14]. Therefore, Debtor Amy Kathryn Snyder is entitled to an Ohio homestead exemption in the amount of $68,060.00 in the Bolton Property.

For the foregoing reasons, Creditor's Objection is sustained to the extent it asserts Debtors' exemption is limited to each Debtors' "interest" in one parcel of real property used as a residence by each Debtor under Ohio Revised Code §2329.66(A)(1)(b).

---

4/  In a case involving a property where the debtor-husband did not reside, Judge Krasniewski held that: "§2329.66 should be construed to provide an exemption for a debtor in property where the debtor's dependents reside." *In re Miller*, 157 B.R. 621, 622-23 (Bankr. N.D. Ohio 1993); *see also, In re Street*, 395 B.R. 637, 647 (Bankr. S.D. Ohio 2008)("Residential use by a dependent satisfies the second prong of the exemption.").

5/  "In the situation where the homestead exemption is claimed for parcels that are not contiguous, case law establishes that the homestead exemption cannot be applied to both parcels." *In re Whitney*, 459 B.R. 712, 715 (Bankr. N.D. Ohio 2011)(citing *In re Williams*, 345 B.R. 853, 856 (Bankr. N.D. Ohio 2006)). A debtor being limited to "*one* parcel" is not changed by the definition of "parcel" in the Ohio Legacy Trust Act.

8

**II. Judicial Lien Avoidance.**

Debtors have also filed motions to avoid Creditor's judgment lien under §522(f)(1)(A) on the Hardin Property and Bolton Property. *In re Moody*, 2021 WL 4483981 at *2, 2021 Bankr. LEXIS 2708 at *5 (Bankr. N.D. Ohio Sept. 30, 2021)(noting that three conditions must be met to avoid a judgment lien under §522(f)(1)(A): "(1) the lien must be a judicial lien; (2) the lien must attach to a debtor's pre-existing interest in property; and (3) the lien must impair an exemption to which debtor would otherwise be entitled."). "It is a debtor's burden to establish that each of these conditions exist." *Id.* A debtor may avoid a judicial lien if it impairs an exemption to which a debtor is entitled. 11 U.S.C. §522 (f)(1)(A); *In re Holland*, 151 F.3d at 549.

The parties stipulated that Creditor has a "judicial lien" attached to the Bolton Property and Hardin Property. Debtors have also submitted a valuation of the Bolton Property and the Hardin Property to be used in calculating the impairment. *See, In re Lavine*, 2012 WL 4106749 at *2, 2012 Bankr. LEXIS 4333 at *6 (holding that "one-half of the property's value should be used in the" impairment calculation for property held by debtor and his spouse as survivorship tenants). Accordingly, the next determination is to calculate the exemption impairment. *In re Williams*, 2015 WL 3940602 at *3, 2015 Bankr. LEXIS 2078 at *6-7 (Bankr. N.D. Ohio June 25, 2015).

To determine whether a judicial lien impairs an exemption and to what extent, courts apply the mathematical formula set forth in §522(f)(2)(A), which provides in relevant part:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

9

11 U.S.C. §522(f)(2)(A).

This §522 calculation sets forth a two step process. *Norvell v. Equity Tr. Co* (*In re Norvell*), 2021 WL 5920718 at *5, 2021 Bankr. LEXIS 3459 at *13 (Bankr. S.D. Ohio Dec. 15, 2021). First, the court must calculate the sum of the lien, all other liens, and the debtor's exemption. *Id.* Second, the court must subtract the value of the debtor's interest in the property to determine whether and to what extent the debtor's exemption is impaired. *Id.* The debtor may avoid the lien only to the extent it impairs the debtor's exemption. *Id.* (citing *Brinley v. LPP Mortg., Ltd.* (*In re Brinley*), 403 F.3d 415, 421 (6th Cir. 2005)).

For Debtor Brian David Snyder, who resides in the Hardin Property, impairment is determined by first calculating the sum of the Creditor's lien, all other liens, and the Debtor's exemption:

| | |
|---|---|
| Creditor's lien: | $109,588.56 |
| All other liens: | $0.00 |
| Exemption: | $145,425.00 |
| Total: | $255,013.56 |

This court must then subtract the value of the debtor's interest in the property to determine whether and to what extent the debtor's exemption is impaired:

| | |
|---|---|
| Less the value of Debtor Brian David Snyder's interest: | $22,710.00 |
| Impairment: | $232,303.56 |

Because the "impairment" of $232,303.56 exceeds the value that the Debtor's interest in the Hardin Property would have if there were no liens, Creditor's lien is fully avoidable as to Debtor Brian David Snyder's interest in the Hardin Property. *See, In re Holland*, 151 F.3d at 550.

For Debtor Amy Kathryn Snyder, who resides in the Bolton Property, impairment is determined by first calculating the sum of the Creditor's lien, all other liens, and the Debtor's exemption:

| | |
|---|---|
| Creditor's lien: | $109,588.56 |
| All other liens: | $0.00 |
| Exemption: | $145,425.00 |
| Total: | $255,013.56 |

This court must then subtract the value of the debtor's interest in the property to determine whether and to what extent the debtor's exemption is impaired:

| | |
|---|---|
| Less the value of Debtor Amy Kathryn Snyder's interest: | $68,060.00 |
| Impairment: | $186,953.56 |

Because the "impairment" of $186,953.56 exceeds the value that the Debtor's interest in the Bolton Property would have if there were no liens, Creditor's lien is fully avoidable as to Debtor Amy Kathryn Snyder's interest in the Bolton Property. *See, In re Holland*, 151 F.3d at 550.

In summary, Creditor's judicial lien is only avoided to the extent it impairs the interest Debtors may claim as exempt under Ohio Revised Code §2329.66(A)(1)(b). Accordingly, Creditor's judicial lien is not avoided to the extent it pertains to Debtor Brian David Snyder's interest in the Bolton Property, and the judicial lien is not avoided to the extent it pertains to Debtor Amy Kathryn Snyder's interest in the Hardin Property.

For the foregoing reasons, Debtors' Motions to Avoid the Judgment Lien will be granted, and Creditor's judicial lien will be avoided to the extent described above.

Wherefore, it is

**ORDERED** that, Creditor's Objection to Debtors' Claim of Exemption, [Doc. #12], be, and hereby is, **SUSTAINED**. Separate Orders in accordance with this Memorandum of Decision shall be entered by the court.

**IT IS SO ORDERED.**

###